# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FREDERIC K. DIXON, a.k.a.
FREDRIC K. DIXON,

    Petitioner,

vs.

BRIAN E. WILLIAMS, SR. *et al.*,

    Respondents.

Case No. 2:09-cv-00066-PMP-PAL

**ORDER**

This action is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, Frederic K. Dixon (a.k.a. Fredric K. Dixon[1]), a Nevada state prisoner.  The facts underlying this case involve the November 2003 shooting death of Derrick Nunley in Las Vegas, Nevada, for which petitioner was charged with murder with the use of a deadly weapon. (Exhibit 1).[2]  Pursuant to a jury trial in the Eighth Judicial District Court, Clark County, by and for the State of Nevada, petitioner was convicted of second-degree murder with the use of a deadly weapon in October of 2004. (Exhibit 64).  Pursuant to the judgment of conviction entered in Eighth Judicial District Court Case No. C197018, petitioner was sentenced to a term of incarceration of life with the

---

[1]  The Court notes that petitioner's name appears in the Nevada Department of Corrections' records as Fredric K. Dixon, inmate number 84849.

[2]  The exhibits referenced in this order are found in the Court's record at ECF No. 10.

possibility of parole after ten years for second-degree murder, plus an equal and consecutive term of life with the possibility of parole after ten years for use of a deadly weapon, with 98 days' credit for time served. (Exhibit 73). Petitioner filed a notice of appeal as to his conviction, which was docketed in the Nevada Supreme Court as Case No. 44688. (Exhibits 74 & 75). By order filed November 15, 2006, the Nevada Supreme Court affirmed petitioner's conviction for second-degree murder. (Exhibit 85).

Petitioner filed a post-conviction state habeas petition in the Eighth Judicial District. (Exhibit 92). On October 29, 2007, the state district court filed Findings of Fact, Conclusions of Law, and Order denying the post-conviction habeas petition. (Exhibit 104). Petitioner filed a notice of appeal as to the denial of his petition, which was docketed in the Nevada Supreme Court as Case No. 50455. (Exhibit 105). By order filed December 16, 2008, the Nevada Supreme Court affirmed the district court's denial of the post-conviction habeas petition. (Exhibit 106).

On January 9, 2009, petitioner filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court. (ECF No. 1). Respondents moved for partial dismissal of the petition. (ECF No. 8). By order filed March 2, 2010, this Court granted respondents' motion for partial dismissal, consolidating Grounds 8(b) and 15, and dismissing Grounds 1-5, 7, 8(parts a, c, e-I, k-m), 11, and 13. (ECF No. 26). Respondents were directed to file an answer to the remaining grounds of the petition. (*Id.*). On April 27, 2010, respondents filed an answer to the remaining grounds of petition. (ECF No. 30). Petitioner filed a reply to the answer on May 27, 2010. (ECF No. 33). By order filed September 17, 2010, this Court denied the federal habeas corpus petition on all remaining grounds. (ECF No. 39). Judgment was entered on the same date. (ECF No. 40).

Petitioner appealed. (ECF Nos. 42 & 46). The appeal was docketed as Case No. 10-17145 by the United States Court of Appeals for the Ninth Circuit. On August 1, 2012, the Ninth Circuit entered an order appointing counsel to represent petitioner. (ECF No. 51). On April 30, 2014, the Ninth Circuit entered an opinion reversing this Court's denial of the habeas corpus petition. (ECF No. 55). The Ninth Circuit issued an order amending the opinion on June 11, 2014. (ECF No. 56). The Ninth Circuit held that an instructional error within in Jury Instruction #19, the self defense instruction, had a substantial and injurious influence on the jury's verdict. (*Id.*, at p. 16). The self

defense jury instruction in the underlying state criminal trial incorrectly stated that: "An honest but *reasonable* belief in the necessity of self-defense does not negate malice and does not reduce the offense from murder to manslaughter." (Exhibit 65, Instruction #19) (emphasis added). The proper wording of the self defense instruction should have been: "An honest but *unreasonable* belief in the necessity for self-defense does not negate malice and does not reduce the offense from murder to manslaughter." *See Runion v. State*, 13 P.3d 52, 59 (Nev. 2000); NRS 200.120-130 (emphasis added). This Court ruled that the instructional error was harmless. (ECF No. 39, at pp. 20-21). The Ninth Circuit Court of Appeals held that the instructional error "did reduce the State's burden for convicting Dixon of murder instead of voluntary manslaughter." (ECF No. 56, at p. 13). The Ninth Circuit further held that the error was not harmless, holding that: "Applying the *Brecht* test, we conclude that the instructional error had substantial and injurious influence on the jury's verdict." (*Id.*, at p. 16). The Ninth Circuit ruled, in relevant part, as follows: "We reverse the district court's denial of Dixon's petition for writ of habeas corpus, and remand with instructions to grant a conditional writ as to the second-degree murder conviction, requiring the State to release Dixon from custody as to that conviction unless the State initiates new trial proceedings within a reasonable period of time to be determined by the district court." (*Id.*, at pp. 19-20). The Ninth Circuit Court of Appeals issued its mandate on July 7, 2014. (ECF No. 58). This Court now enters an order in compliance with the opinion of the Ninth Circuit Court of Appeals.

**IT IS THEREFORE ORDERED** that the petition for a writ of habeas corpus is **CONDITIONALLY GRANTED** as to the conviction for second-degree murder with the use of a deadly weapon. Petitioner shall be released from custody as to that conviction within **sixty (60) days** unless the State files in this matter a written notice of election to retry petitioner within the sixty day period and thereafter initiates retrial within **one-hundred-twenty (120) days** following the filing of the notice of election to retry petitioner, subject to request for reasonable modification of the time periods by the parties.

**IT IS FURTHER ORDERED** that the Clerk of Court **SHALL ENTER JUDGMENT** in favor of petitioner and against respondents, conditionally granting the petition for a writ of habeas corpus as provided above.

**IT IS FURTHER ORDERED** that the Clerk of Court **SHALL PROVIDE**, via certified mail, a copy of this order and the judgment to the Clerk of the Eighth Judicial District Court for the State of Nevada and to the Clark County District Attorney in connection with Case No. C197018. Additionally, the Clerk of Court **SHALL PROVIDE**, via certified mail, a copy of this order and the judgment to the Clerk of the Nevada Supreme Court in connection with that court's Case Nos. 44688 & 50455.

Dated this _15th_ day of July, 2014.

PHILIP M. PRO
UNITED STATES DISTRICT JUDGE